■ In the Matter of Gerry Zambito, Respondent, v. Curtiss Wright Corp. et al., Appellants, and Alleghany Ludlum Steel Corporation, Respondent. Workmen's Compensation Board, Respondent.— Appeal by the employer, Curtiss Wright Corporation, and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 14, 1972, which denied their application to review prior decisions holding that claimant had contracted an occupational pulmonary disease in the course of his employment entitling him to an award for a permanent partial disability. Claimant, Gerry Zambito, was employed as a welder for many years, first by respondent Alleghany Ludlum Corporation from

1941 to 1960 and later by appellant Curtiss Wright Corporation from July, 1962 to April, 1963. Laid off by Curtiss Wright in April of 1963, he sought employment at Pratt and Letchworth where he was released after only four days work because chest X-rays revealed that he was afflicted with a pulmonary malfunction. Alleging that he had been exposed to injurious dusts, he then filed a compensation claim against Alleghany Ludlum, which was dismissed since it was over two years since his last exposure and he was only partially disabled. Thereafter, he filed this claim against Curtiss Wright, charging that his injury resulted from his exposure to injurious fumes from welding and burning. Although a referee disallowed this claim, his decision was reversed by the board which found, *inter alia*, that claimant's employment at Curtiss Wright " exposed him to the heat and fumes of burning. metal and produced intersitial fibrosis of the lungs " and that " because of the irritation caused by the heated gases the resulting occupational disease is not a dust disease" even though molecular iron and silica were also introduced into the lung tissue. Accordingly, the board concluded that claimant was entitled to compensation benefits under section 3 (subd. 2, par. 29 [now par. 30]) of the Workmen's Compensation Law and was not subject to the more limited provisions of paragraph 28 (now par. 29) of that same law relating to dust diseases. The sole question presented on this appeal is whether the board's determination is supported by substantial evidence, and we find that it is. Although appellants insist that all of the medical evidence establishes that claimant is suffering from a dust disease, Dr. Dayman, a chest specialist, related claimant's condition to his occupation because it " entailed the inhalation of iron fumes ". Similarly, Dr. Brock testified that siderosis per se, i.e., the inhalation of iron particles, is not disabling, but that the disability is caused by the " fumes that go into welding ". Such testimony as this clearly provides substantial support for the board's determination, which we shall, therefore, not disturb (*Matter of Makofske* v. *Republic Aviation Co.*, 21 A D 2d 948). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Main, JJ., concur.